## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **BRIGITTE ROHRER,** : | |
| 317 N. Chestnut St. : | |
| Jefferson, OH 44047 : | Case No.: 1:22-cv-953 |
| : | |
| Plaintiff, : | JUDGE |
| : | |
| vs. : | MAGISTRATE JUDGE |
| : | |
| **COOPER OWENS D.D.S., LLC**, : | |
| c/o Registered Agent: : | **Jury Demand Endorsed Hereon** |
| Russell Benjamin Cooper Owens : | |
| 1065 Holi Dale Dr. : | |
| Chardon, OH 44024 : | |
| : | |
| Defendant. : | |

## COMPLAINT

NOW COMES Plaintiff Brigitte Rohrer ("Plaintiff") and proffers this Complaint for damages against Defendant Cooper Owens D.D.S., LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Ohio Laws Against Discrimination, R.C. Chapter 4112 ("Chapter 4112") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court also has jurisdiction over Plaintiff's claims under the statutory laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391, because Plaintiff entered into an employment relationship with Defendant and performed her job duties for Defendant in Geauga County, Ohio in the Eastern Division of the Northern District of Ohio, and Defendant is doing and has done substantial business in the Northern District of Ohio.

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Ohio Civil Rights Commission, against Defendant.

6. The EEOC issued a notice of right to sue on May 26, 2022. (*See* Notice of Right to Sue, attached hereto as Exhibit A)

7. Plaintiff exhausted her administrative remedies against Defendant prior to filing her Complaint in this action.

## THE PARTIES

8. Plaintiff Brigitte Rohrer is an individual, a United States Citizen, and a resident of Ashtabula County.

9. Defendant Cooper Owens D.D.S., LLC is a limited liability company registered to do business in Ohio and conducting business in the Northern District of Ohio.

10. At all times relevant herein, Plaintiff was an "employee" of Defendant's as that term is defined by Title VII and Ohio law.

11. At all times relevant herein, Defendant was an "employer" as that term is defined by Title VII and Ohio law.

## FACTUAL BACKGROUND

12. Plaintiff began her employment with Defendant in or around February 2020 in the role of dental hygienist.

13. Throughout her employment with Defendant, Plaintiff reported to office manager, Sue Maher.

14. Plaintiff successfully performed her job duties throughout her employment with Defendant. Plaintiff was never issued any disciplinary action.

15. During her first annual review in January 2021, Plaintiff received an excellent rating and was awarded a $1 raise.

16. In or around September 2021, Plaintiff learned that she was pregnant.

17. Plaintiff disclosed her pregnancy to Defendant immediately.

18. On or around December 23, 2021, Plaintiff requested information from her supervisor, Ms. Maher, regarding her maternity leave.

19. Plaintiff inquired about the process for applying for Short-Term Disability benefits while on leave.

20. Plaintiff further stated that she would like to take 8 weeks of maternity leave once her baby is born.

21. Ms. Maher did not respond to Plaintiff's request about maternity leave. Instead, she directed Plaintiff to Defendant's third-party administrator for disability benefits.

22. Plaintiff was out of the office between December 25, 2021 and January 1, 2022 for a previously-scheduled vacation for the holidays.

23. Upon her return on or around January 2, 2022, Plaintiff received a phone call from Ms. Maher. Ms. Maher informed Plaintiff that Defendant would be terminating her employment.

24. When Plaintiff requested an explanation, Ms. Maher stated that the office would be "going a different direction." Ms. Maher refused to elaborate or provide any substantive response to Plaintiff's questions.

25. Upon information and belief, shortly thereafter, Defendant replaced Plaintiff with a non-pregnant dental hygienist.

## COUNT I
### Pregnancy Discrimination Act – 42 U.S.C. § 2000e(k); 42 U.S.C. § 2000e-2

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. At all times material herein, Plaintiff was pregnant.

28. Defendant was aware of Plaintiff's pregnancy.

29. Plaintiff was qualified for her job.

30. Plaintiff was subjected to an adverse employment action when she was terminated.

31. Defendant terminated Plaintiff because of her pregnancy and her upcoming need for maternity leave.

32. Defendant treated similarly situated, non-pregnant employees more favorably than it treated Plaintiff and/or Plaintiff was replaced by a non-pregnant employee.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

34. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
### Pregnancy Discrimination –R.C. 4112.01(B); R.C. 4112.02

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. At all times material herein, Plaintiff was pregnant.

37. Defendant was aware of Plaintiff's pregnancy.

38. Plaintiff was qualified for her job.

39. Plaintiff was subjected to an adverse employment action when she was terminated.

40. Defendant terminated Plaintiff because of her pregnancy and her upcoming need for maternity leave.

41. Defendant treated similarly situated, non-pregnant employees more favorably than it treated Plaintiff and/or Plaintiff was replaced by a non-pregnant employee.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

43. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, front pay, statutory liquidated damages, compensatory damages, pre- and post-judgment interest, expert witness fees, attorneys' fees and expenses, and punitive damages in an amount to be determined at trial, and any and all other relief which the Court deems just and appropriate.

Respectfully submitted,

*/s/ Carrie J. Dyer*

Carrie J. Dyer (0090539)
*Carrie@MansellLawLLC.com*
Greg R. Mansell (0085197)
*Greg@MansellLawLLC.com*
Rhiannon M. Herbert (0098737)
*Rhiannon@MansellLawLLC.com*
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (614) 547-3614

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Carrie J. Dyer*
Carrie J. Dyer (0090539)