**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIGITTE ROHRER, | ) | CASE NO. 1:22-cv-953 |
| Plaintiff, | ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| COOPER OWENS D.D.S., LLC, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

**I. Procedural Background**

Plaintiff Brigitte Rohrer's Complaint against Defendant Cooper Owens D.D.S., LLC, her former employer, alleges discrimination based on her pregnancy in violation of Title VII of the Civil Rights Act of 1964 and Ohio Revised Code (O.R.C.) § 4112, *et seq.* (R. 1). Defendant moved to dismiss the Complaint, arguing that Plaintiff cannot maintain her claim under Title VII against Defendant, because it was not an "employer" as defined by Title VII. (R. 6). Specifically, Defendant asserted that it did not have the requisite fifteen or more employees in either 2021 or 2022, maintaining only twelve employees in these years. (R. 6, PageID# 23).

In response to Defendant's motion, Plaintiff filed a motion to stay the proceedings pending discovery requesting that this Court defer ruling on Defendant's motion until Plaintiff has had an opportunity to conduct discovery on the employee numerosity issue. (R. 7). Following a case management conference with the parties (R. 15), the Court permitted Plaintiff to conduct limited discovery "confined to threshold jurisdictional issue concerning the number of employees of Defendant during the relevant time period." *Id.* at PageID# 113. The Court also denied Defendant's Motion to Dismiss (R. 6) without prejudice. *Id.*

Now pending before the Court is Defendant's renewed Motion to Dismiss, again arguing that it did not employ the requisite number of employees. (R. 21). Plaintiff opposes said motion (R. 22), and Defendant filed a reply in support of its motion. (R. 23). This matter is now ripe for review.

## II. Standard

Plaintiff contends that because both Defendant's initial Motion to Dismiss as well as its renewed Motion to Dismiss rely on materials outside of the pleadings in support of the relief requested, the Court should convert Defendant's Motion to Dismiss into a Motion for Summary Judgment. (R. 22, PageID# 135-136).

Defendant's renewed motion to dismiss asserts that the following:

> Defendant did not employ 15 or more employees at any time in 2021. *See* ECF Doc. #8-1. Defendant also did not employ 15 or more employees in the first week of January 2022, at which point Plaintiff was no longer employed, but still appeared on payroll given Defendant's payment schedule. *Id*. Thus, at no time in 2021 or while Plaintiff briefly appeared on payroll in 2022 did Defendant employ 15 or more employees. *Id*.

(R. 21, PageID# 127). It cites payroll record attached to Defendant's opposition to Plaintiff's motion to stay. (R. 8-1).

Despite the Court expressly permitting limited discovery to address the threshold jurisdictional issue concerning the number of employees of Defendant during the relevant time period, Defendant's brief does not cite any evidence produced during this limited discovery.

The Court agrees with Plaintiff that consideration of factual materials outside of the pleadings requires this Court to convert Defendant's renewed motion to dismiss into a motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 12(d), "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the

court, the motion must be treated as one for summary judgment under Rule 56." A district court, "in reviewing a motion to dismiss, may not consider matters beyond the complaint." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001); *accord Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 613 (6th Cir. 2009) (observing that if a district court considers evidence outside the complaint, "it effectively converts the motion to dismiss to a motion for summary judgment.")

In its initial motion to dismiss, Defendant indicated that "[a]s needed, the Court should consider this motion as one for partial summary judgment." (R. 6, PageID# 23, n. 1, citing *Duffey v. Bd. of Cty. Comm'rs*, Case No. 1:18-cv-422, 2019 U.S. Dist. LEXIS 14012, at *4 (S.D. Ohio Jan. 29, 2019) (converting motion to dismiss to motion for summary judgment)). Defendant's reply brief does not respond to Plaintiff's assertion that the motion to dismiss should be converted into a motion for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Quinn v. Eshem*, 2016 WL 9709498, at *2 (6th Cir. 2016) ("Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (internal quotation marks omitted)). There is a genuine dispute as to a material fact when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Non-moving parties may not rest upon the mere allegations in their pleadings nor upon general allegations that issues of fact may exist. *See Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974). In ruling on a motion for summary judgment, the court must

construe the evidence, as well as any inferences to be drawn from it, in the light most favorable to the party opposing the motion. *Kraus v. Sobel Corrugated Containers, Inc.*, 915 F.2d 227, 229 (6th Cir. 1990). For the followings, Defendant's motion is denied.

### III. Factual Allegations

The Complaint alleges as follows. "Plaintiff began her employment with Defendant in or around February 2020 in the role of dental hygienist." (R. 1, PageID# 2, ¶12). "During her first annual review in January 2021, Plaintiff received an excellent rating and was awarded a $1 raise." *Id*. at ¶15.

In approximately September of 2021, Plaintiff learned that she was pregnant and disclosed this fact to Defendant immediately. (R. 1, PageID# 3, ¶¶16-17). "On or around December 23, 2021, Plaintiff requested information from her supervisor, Ms. Maher, regarding her maternity leave." *Id*. at ¶19. "Plaintiff inquired about the process for applying for Short-Term Disability benefits while on leave" and indicated she would like to take eight weeks of maternity leave. *Id*. at ¶¶19-20. "Ms. Maher did not respond to Plaintiff's request about maternity leave. Instead, she directed Plaintiff to Defendant's third-party administrator for disability benefits." *Id*. at ¶21.

Plaintiff asserts that she was "out of the office between December 25, 2021 and January 1, 2022 for a previously-scheduled vacation for the holidays." (R. 1, PageID# 3, ¶22). "Upon her return on or around January 2, 2022, Plaintiff received a phone call from Ms. Maher" who "informed Plaintiff that Defendant would be terminating her employment." *Id*. at ¶23. "Upon information and belief, shortly thereafter, Defendant replaced Plaintiff with a non-pregnant dental hygienist." *Id*. at ¶25.

In a stipulation entered by the parties, it was agreed that Theresa Owens was an employee

of Defendant for purposes of satisfying the numerosity requirement under Title VII of the Civil Rights Act of 1964 during the following timeframes: February 19, 2022 to March 18, 2022; and April 2, 2022 through December 23, 2022.[1] (R. 19). It was also stipulated that Malia Owens was an employee of Defendant for purposes of satisfying the numerosity requirement under Title VII between February 5, 2022 to July 8, 2022.[2] *Id*.

Based on the parties briefs, it does not appear to be disputed that Defendant had less than 15 employees in the 2021 calendar year, or that Defendant had at least fifteen employees during at least twenty weeks of the 2022 calendar year.[3] Rather, as explained below, the dispute revolves around the time-frame the Court should consider.

### IV. Analysis

In its motion to dismiss, Defendant acknowledges that Title VII prohibits certain unlawful practices, but asserts it is not an employer as defined by statute. (R. 21, PageID# 128). "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the **current** or preceding **calendar year** …." 42 U.S.C. § 2000e(b) (emphasis added).

Defendant points out that "Title VII limits liability to employers with fifteen or more employees, 42 U.S.C. § 2000e(b), in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims." (R. 21,

---

[1] This amounts to over thirty-four (34) weeks of employment during the 2022 calendar year.
[2] This amounts to over twenty-one (21) weeks of employment during the 2022 calendar year.
[3] Plaintiff's counsel has submitted an affidavit stating that, based on Defendant's responses to discovery requests, Defendant had at least 15 employees for 33 of the 52 weeks in the 2022 calendar year.

5

PageID# 129, quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997) (internal quotation marks omitted). Defendant argues that Plaintiff cannot dispute that at no time in 2021—preceding calendar year for purposes of Title VII—did Defendant employ fifteen or more individuals.

Plaintiff implicitly appears to concede that Defendant did not have the requisite number of employees in 2021—the preceding calendar year, but does assert that "the evidence conclusively demonstrates that Defendant employed 15 or more employees for at least 20 calendar weeks in 2022"—the year she was terminated. (R. 22, PageID# 137).

Plaintiff contends that because she was terminated in January of 2022, the year 2022 is the relevant "current calendar year" for analyzing the numerosity element. (R. 22, PageID# 137). Based on the plain text of 42 U.S.C. § 2000e(b), quoted above, the Court agrees. Defendant's motion and reply brief assert that Plaintiff never worked for Defendant in the calendar year 2022, but concedes, as it must at this stage of the proceedings, that the allegedly unlawful termination occurred on January 2, 2022 according to the allegations in the Complaint. (R. 23, PageID# 226-227).

Despite the plain language of the statute that states an employer must have 15 employees "in each of twenty or more calendar weeks in the **current** or preceding **calendar year**", Defendant essentially asks this Court to look only at the preceding twelve months and to ignore the number of employees Defendant had in 2022, the "current calendar year". Defendant asserts that any other interpretation is inequitable. The Court disagrees. Congress could easily have shielded companies such as Defendant from Title VII liability if it limited the relevant time period to only the twelve *preceding* months. By adopting the language it did, Congress plainly allows for Title VII liability

6

where a company grows to fifteen employees only after the offending act but still within same calendar year.

Defendant asserts that Plaintiff has not cited any controlling Sixth Circuit authority supporting her interpretation of Title VII. However, Plaintiff's interpretation is consistent with the plain language of the statute. Defendant's interpretation is not. Defendant acknowledges that "[t]he numerosity threshold [of Title VII] is an element of the plaintiff's case rather than a jurisdictional requirement." (R. 21, PageID# 128, *quoting Williams v. Teamsters Loc. 284*, 2012 U.S. Dist. LEXIS 173890, at *4 (S.D. Ohio Dec. 7, 2012)). As the moving party, Defendant "always bears the initial responsibility to show there is no dispute regarding any genuine issue of material fact." *Parker v. Hinton*, 2023 WL 370910, at *2 (6th Cir. Jan. 24, 2023) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Therefore, as Defendant is advocating for summary judgment based on a statutory interpretation that contradicts the plain language of the statute, it is Defendant's burden to identify controlling authority supporting its questionable interpretation.

Defendant's reliance on a non-binding decision in *Vance v. Union Planters Corp.*, 209 F.3d 438, 445 (5th Cir. 2000) is misplaced, as even that decision stated that "Union Planters correctly contends that 'current year' refers to the year in which the discriminatory acts took place. We have interpreted "current year" to refer to the year in which the alleged discrimination occurred." (R. 21, PageID# 129; R. 23, PageID# 228).

Furthermore, the Age Discrimination in Employment Act (ADEA) utilizes *identical* "current or preceding calendar year" language when stating that "[t]he term 'employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the

7

current or preceding calendar year."[4] 29 U.S.C. § 630(b). At least one court has explicitly stated that this language should be interpreted as follows: "[T]he term 'calendar year' means the period between January and December, rather than any period of twelve consecutive months. *McGraw v. Warren County Oil Co.*, 707 F.2d 990, 991 (8th Cir. 1983) (*per curiam*). **The current year is the year in which the alleged violation occurred, and the applicable period does not cease on the date of the violation, but rather continues until the end of the calendar year**." *Rogers v. Sugar Tree Prod., Inc.*, 7 F.3d 577, 579 (7th Cir. 1993) (emphasis added), *abrogated on other grounds by Papa v. Katy Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999); *accord Jackson v. Gray's Disposal Co.*, 2008 U.S. Dist. LEXIS 133112, *10 (M.D. Tenn Apr. 7, 2008) ("Other circuits have defined the 'calendar year', as used in the ADEA and *other similar federal anti-discrimination statutes*, to be the period between January and December, as opposed to any period of twelve consecutive months.") (emphasis added). One court has observed that "[t]hroughout the nation, the courts have consistently held that the phrase 'current calendar year' for purposes of Section 2000e(b) refers to the year in which the alleged discriminatory practice took place, and includes the calendar year from January 1st through December 31st." *De-Jesus v. LTT Card Servs.*, 2005 WL 1881482, 2005 U.S. Dist. LEXIS 44323, *17 at n. 3 (D.P.R. Aug. 9, 2005).

      As Defendant's position—that the Court should not consider any employees hired in the same calendar year that Plaintiff was terminated—is unsupported by any authority, the Court finds no merit in Defendant's motion to dismiss.

---

[4] While recognizing a discrepancy in the number of employees, the remainder of the statute is identical.

## V. Conclusion

For the foregoing reasons, Defendant's renewed Motion to Dismiss (R. 21) is DENIED. Defendant's Answer is due within fourteen (14) days of this Order.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: March 21, 2024